# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM R. KELLY,
                Appellant,

      v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DC-1221-14-0171-W-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brooke L. Beesley, Alameda, California, for the appellant.

Christiann C. Burek, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant filed a Board appeal in which he alleged that his resignation, effective September 30, 2011, constituted reprisal for his whistleblowing activities. *Kelly v. Department of Commerce*, MSPB Docket No. DC-0752-12-0131-I-1, Initial Decision (ID-1) at 1 (May 30, 2012). The appellant had tendered his resignation pursuant to the terms of a Resolution Agreement entered into by the agency and the appellant in October 2010. Initial Appeal File (IAF), Tab 6 at 19, 22. In the initial decision, the administrative judge examined the appeal both as a chapter 75 appeal and as an IRA appeal and found that the appellant failed to establish jurisdiction under either framework. ID-1 at 4-13. The administrative judge found, among other things, that the appellant failed to nonfrivolously allege that the 2010 Resolution Agreement was invalid or unlawful, that he involuntarily accepted its terms, or that it was the result of fraud or mutual mistake. ID-1 at 6. The administrative judge concluded, therefore, that the appellant's resignation pursuant to the agreement was

voluntary and did not constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A).  ID-1 at 12.

¶3        The appellant filed a petition for review of the initial decision, which the Board denied, making the initial decision the Board's final decision.  *Kelly v. Department of Commerce*, MSPB Docket No. DC-0752-12-0131-I-1, Final Order at 2 (July 24, 2013).  The appellant subsequently requested review of the Board's final decision with the United States Court of Appeals for the Federal Circuit (Federal Circuit), and the Federal Circuit affirmed the Board's decision.[2]  *Kelly v. Merit Systems Protection Board & Department of Commerce*, No. 2013-3178, 2014 WL 2849246 (Fed. Cir. June 24, 2014).

¶4        On November 22, 2013, the appellant filed the present IRA appeal in which he alleged that his reassignment and transfer out of his work group in 2010, to which he also agreed pursuant to the 2010 Resolution Agreement, were taken in retaliation for his whistleblowing activities.  IAF, Tab 1 at 5.  In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID-2) at 1, 9.  She found that the 2010 Resolution Agreement encompassed his resignation as well as his reassignment and transfer out of his work group and that the appellant therefore was collaterally estopped from relitigating the issue of the validity of the agreement.  ID-2 at 8-9.

¶5        The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to

[2] In the initial decision in the present appeal, the administrative judge noted that the Federal Circuit had dismissed the appellant's petition for review of the Board's final decision in his resignation appeal in a decision dated January 15, 2014.  IAF, Tab 10, Initial Decision at 2.  In his petition for review, the appellant properly notes that the Federal Circuit vacated and recalled that decision on January 17, 2014.  Petition for Review File, Tab 1 at 2 n.2.  Since the appellant filed his petition for review, however, the Federal Circuit has issued its final decision in the matter, affirming the Board's final decision.  *Kelly v. Merit Systems Protection Board & Department of Commerce*, No. 2013-3178, 2014 WL 2849246 (Fed. Cir. June 24, 2014).

the petition for review, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        Collateral estoppel is appropriate when the following conditions are met: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 13 (2012).

¶7        Here, because the appellant agreed to the reassignment and transfer out of his work group pursuant to the 2010 Resolution Agreement, the dispositive issue for purposes of the collateral estoppel analysis is the validity of that agreement. We agree with the administrative judge for the reasons explained in the initial decision that all four criteria for collateral estoppel have been met concerning this issue.  ID-2 at 6-9.  Although the appellant argues that he has never been given an opportunity to litigate the issue of his reassignment and transfer, PFR File, Tab 1 at 2-4, Tab 4 at 2-3, the record shows that the appellant had a full and fair opportunity to litigate the validity of the 2010 Resolution Agreement in his prior appeal but that he failed to nonfrivolously allege that the Resolution Agreement was invalid or that he involuntarily accepted its terms, ID-1 at 4-6. Under these circumstances, we agree with the administrative judge that the appellant is barred by collateral estoppel from relitigating the validity of the 2010 Resolution Agreement and, consequently, his acceptance of the reassignment and transfer as part of that agreement. *See, e.g.*, *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 22 (2012).

¶8      The appellant also appears to argue that he should not be barred by collateral estoppel from litigating the facts underlying the 2010 Resolution Agreement based on the Board's recent decision in *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509 (2014).  PFR File, Tab 1 at 2-3, Tab 4 at 3.  In *Kavaliauskas*, the Board found that the appellant, who had entered into a pretrial diversion agreement, was not collaterally estopped from challenging the facts underlying his pretrial diversion agreement because the "actually litigated" criterion had not been satisfied where the appellant had not pled guilty in the agreement and had not been convicted.  120 M.S.P.R. 509, ¶¶ 5-8.  Unlike in *Kavaliauskas*, however, the "actually litigated" criterion in the present appeal has been met because the administrative judge held a hearing and rendered a decision on the issue of the validity of the 2010 Resolution Agreement, and the Federal Circuit affirmed that decision.  ID-1; *Kelly*, No. 2013-3178, 2014 WL 2849246; *see Fisher v. Department of Defense*, 64 M.S.P.R. 509, 514 (1994) (the "actually litigated" criterion requires that the issue be contested by the parties and resolved by an adjudicator).  Accordingly, the appellant's argument is unpersuasive.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i),

(b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.